2-2-16
U.S. District Court
Texas
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BELIA MENDOZA, MARGARITA HERNANDEZ, and DENISE DUCHENE,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | EP-15-CR-00416-FM |

COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

IN ANY JURY TRIAL THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DECIDE WHAT EVIDENCE IS PROPER FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO EXPLAIN TO YOU THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR VERDICT.

FIRST, I WILL GIVE YOU SOME GENERAL INSTRUCTIONS WHICH APPLY IN EVERY CASE — FOR EXAMPLE, INSTRUCTIONS ABOUT BURDEN OF PROOF AND HOW TO JUDGE THE BELIEVABILITY OF WITNESSES. THEN, I WILL GIVE YOU SOME SPECIFIC RULES OF LAW ABOUT THIS PARTICULAR CASE. AND FINALLY, I WILL EXPLAIN TO YOU THE PROCEDURES YOU SHOULD FOLLOW IN YOUR DELIBERATIONS.

DUTY TO FOLLOW INSTRUCTIONS

YOU, AS JURORS, ARE THE JUDGES OF THE FACTS. BUT IN DETERMINING WHAT ACTUALLY HAPPENED — THAT IS, IN REACHING YOUR DECISION AS TO THE FACTS — IT IS YOUR SWORN DUTY TO FOLLOW ALL OF THE RULES OF LAW AS I EXPLAIN THEM TO YOU.

YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. YOU MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO APPLY THE LAW AS I EXPLAIN IT TO YOU, REGARDLESS OF THE CONSEQUENCES.

IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON THE EVIDENCE, WITHOUT PREJUDICE OR SYMPATHY. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

THE INDICTMENT OR FORMAL CHARGE AGAINST A DEFENDANT IS NOT EVIDENCE OF GUILT. INDEED, THE DEFENDANTS ARE PRESUMED BY THE LAW TO BE INNOCENT. THE DEFENDANTS BEGIN WITH A CLEAN SLATE. THE LAW DOES NOT REQUIRE A DEFENDANT TO PROVE HER INNOCENCE OR PRODUCE ANY EVIDENCE AT ALL AND NO INFERENCE WHATEVER MAY BE

DRAWN FROM THE ELECTION OF A DEFENDANT NOT TO TESTIFY.

THE GOVERNMENT HAS THE BURDEN OF PROVING THE DEFENDANTS GUILTY BEYOND A REASONABLE DOUBT, AND IF IT FAILS TO DO SO, YOU MUST ACQUIT THE DEFENDANTS. WHILE THE GOVERNMENT'S BURDEN OF PROOF IS A STRICT OR HEAVY BURDEN, IT IS NOT NECESSARY THAT THE DEFENDANTS' GUILT BE PROVED BEYOND ALL POSSIBLE DOUBT. IT IS ONLY REQUIRED THAT THE GOVERNMENT'S PROOF EXCLUDE ANY "REASONABLE DOUBT" CONCERNING THE DEFENDANTS' GUILT.

A "REASONABLE DOUBT" IS A DOUBT BASED UPON REASON AND COMMON SENSE AFTER CAREFUL AND IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE. PROOF BEYOND A REASONABLE DOUBT, THEREFORE, IS PROOF OF SUCH A CONVINCING CHARACTER THAT YOU WOULD BE WILLING TO RELY AND ACT UPON IT WITHOUT HESITATION IN MAKING THE MOST IMPORTANT DECISIONS OF YOUR OWN AFFAIRS.

EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

AS I TOLD YOU EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS. TO DO SO, YOU MUST CONSIDER ONLY THE EVIDENCE PRESENTED DURING THE TRIAL. EVIDENCE IS THE SWORN TESTIMONY OF THE WITNESSES, INCLUDING STIPULATIONS, AND THE EXHIBITS.

THE QUESTIONS, STATEMENTS, OBJECTIONS, AND ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE.

THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR NOTICE. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

DURING THE TRIAL, I SUSTAINED OBJECTIONS TO CERTAIN QUESTIONS. YOU MUST DISREGARD THOSE QUESTIONS ENTIRELY. DO NOT SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER THE QUESTION. YOUR VERDICT MUST BE BASED SOLELY ON THE LEGALLY ADMISSIBLE EVIDENCE AND TESTIMONY.

ALSO, DO NOT ASSUME FROM ANYTHING I MAY HAVE DONE OR SAID DURING THE TRIAL THAT I HAVE ANY OPINION CONCERNING ANY OF THE ISSUES IN THIS CASE. EXCEPT FOR THE INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL IN ARRIVING AT YOUR OWN VERDICT.

<u>EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL</u>

IN CONSIDERING THE EVIDENCE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER

WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS THAT REASON AND COMMON SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN ESTABLISHED BY THE EVIDENCE.

DO NOT BE CONCERNED ABOUT WHETHER EVIDENCE IS "DIRECT EVIDENCE" OR "CIRCUMSTANTIAL EVIDENCE." YOU SHOULD CONSIDER AND WEIGH ALL OF THE EVIDENCE THAT WAS PRESENTED TO YOU.

"DIRECT EVIDENCE" IS THE TESTIMONY OF ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYE WITNESS. "CIRCUMSTANTIAL EVIDENCE" IS PROOF OF A CHAIN OF EVENTS AND CIRCUMSTANCES INDICATING THAT SOMETHING IS OR IS NOT A FACT.

THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT YOU MAY GIVE TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE. BUT THE LAW REQUIRES THAT YOU, AFTER WEIGHING ALL OF THE EVIDENCE, WHETHER DIRECT OR CIRCUMSTANTIAL, BE CONVINCED OF THE GUILT OF EACH DEFENDANT BEYOND A REASONABLE DOUBT BEFORE YOU CAN FIND HER GUILTY.

## CREDIBILITY OF WITNESSES

I REMIND YOU THAT IT IS YOUR JOB TO DECIDE WHETHER THE GOVERNMENT HAS PROVED THE GUILT OF EACH DEFENDANT BEYOND A REASONABLE DOUBT. IN DOING SO, YOU MUST CONSIDER ALL OF THE EVIDENCE. THIS DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT ALL

OF THE EVIDENCE AS TRUE OR ACCURATE.

YOU ARE THE SOLE JUDGES OF THE CREDIBILITY OR "BELIEVABILITY" OF EACH WITNESS AND THE WEIGHT TO BE GIVEN TO THE WITNESS'S TESTIMONY. AN IMPORTANT PART OF YOUR JOB WILL BE MAKING JUDGMENTS ABOUT THE TESTIMONY OF THE WITNESSES, WHO TESTIFIED IN THIS CASE. YOU SHOULD DECIDE WHETHER YOU BELIEVE ALL, SOME PART, OR NONE OF WHAT EACH PERSON HAD TO SAY, AND HOW IMPORTANT THAT TESTIMONY WAS. IN MAKING THAT DECISION, I SUGGEST THAT YOU ASK YOURSELF A FEW QUESTIONS: DID THE WITNESS IMPRESS YOU AS HONEST? DID THE WITNESS HAVE ANY PARTICULAR REASON NOT TO TELL THE TRUTH? DID THE WITNESS HAVE A PERSONAL INTEREST IN THE OUTCOME OF THE CASE? DID THE WITNESS HAVE ANY RELATIONSHIP WITH EITHER THE GOVERNMENT OR THE DEFENSE? DID THE WITNESS SEEM TO HAVE A GOOD MEMORY? DID THE WITNESS CLEARLY SEE OR HEAR THE THINGS ABOUT WHICH HE TESTIFIED? DID THE WITNESS HAVE THE OPPORTUNITY AND ABILITY TO UNDERSTAND THE QUESTIONS CLEARLY AND ANSWER THEM DIRECTLY? DID THE WITNESS'S TESTIMONY DIFFER FROM THE TESTIMONY OF OTHER WITNESSES? THESE ARE A FEW OF THE CONSIDERATIONS THAT WILL HELP YOU DETERMINE THE ACCURACY OF WHAT EACH WITNESS SAID.

YOUR JOB IS TO THINK ABOUT THE TESTIMONY OF EACH WITNESS

YOU HAVE HEARD AND DECIDE HOW MUCH YOU BELIEVE OF WHAT EACH WITNESS HAD TO SAY. IN MAKING UP YOUR MIND AND REACHING A VERDICT, DO NOT MAKE ANY DECISIONS SIMPLY BECAUSE THERE WERE MORE WITNESSES ON ONE SIDE THAN ON THE OTHER. DO NOT REACH A CONCLUSION ON A PARTICULAR POINT JUST BECAUSE THERE WERE MORE WITNESSES TESTIFYING FOR ONE SIDE ON THAT POINT. YOU WILL ALWAYS BEAR IN MIND THAT THE LAW NEVER IMPOSES UPON A DEFENDANT IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR PRODUCING ANY EVIDENCE.

IMPEACHMENT BY PRIOR INCONSISTENCIES

THE TESTIMONY OF A WITNESS MAY BE DISCREDITED BY SHOWING THAT THE WITNESS TESTIFIED FALSELY, OR BY EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, WHICH IS INCONSISTENT WITH THE TESTIMONY THE WITNESS GAVE AT THIS TRIAL.

EARLIER STATEMENTS OF A WITNESS WERE NOT ADMITTED IN EVIDENCE TO PROVE THAT THE CONTENTS OF THOSE STATEMENTS ARE TRUE. YOU MAY NOT CONSIDER THE EARLIER STATEMENTS TO PROVE THAT THE CONTENT OF AN EARLIER STATEMENT IS TRUE; YOU MAY ONLY USE EARLIER STATEMENTS TO DETERMINE WHETHER YOU THINK THE EARLIER STATEMENTS ARE CONSISTENT OR INCONSISTENT WITH THE

TRIAL TESTIMONY OF THE WITNESS AND THEREFORE WHETHER THEY AFFECT THE CREDIBILITY OF THAT WITNESS.

IF YOU BELIEVE THAT A WITNESS HAS BEEN DISCREDITED IN THIS MANNER, IT IS YOUR EXCLUSIVE RIGHT TO GIVE THE TESTIMONY OF THAT WITNESS WHATEVER WEIGHT YOU THINK IT DESERVES.

CONFESSION – STATEMENT – VOLUNTARINESS

IN DETERMINING WHETHER ANY STATEMENT, CLAIMED TO HAVE BEEN MADE BY DEFENDANT MENDOZA OUTSIDE OF COURT AND AFTER AN ALLEGED CRIME HAS BEEN COMMITTED, WAS KNOWINGLY AND VOLUNTARILY MADE, YOU SHOULD CONSIDER THE EVIDENCE CONCERNING SUCH A STATEMENT WITH CAUTION AND GREAT CARE. YOU SHOULD GIVE SUCH WEIGHT TO THE STATEMENT AS YOU FEEL IT DESERVES UNDER ALL THE CIRCUMSTANCES.

YOU MAY CONSIDER IN THAT REGARD SUCH FACTORS AS THE AGE, SEX, TRAINING, EDUCATION, OCCUPATION, AND PHYSICAL AND MENTAL CONDITION OF THE DEFENDANT, HER TREATMENT WHILE UNDER INTERROGATION, AND ALL THE OTHER CIRCUMSTANCES IN EVIDENCE SURROUNDING THE MAKING OF THE STATEMENT.

ON OR ABOUT

THE INDICTMENT CHARGES THAT THE OFFENSES WERE COMMITTED ON OR ABOUT A SPECIFIED RANGE OF DATES. THE GOVERNMENT DOES NOT

HAVE TO PROVE THAT THE CRIME WAS COMMITTED DURING THE EXACT RANGE OF DATES, SO LONG AS THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT THE DEFENDANTS COMMITTED THE CRIMES ON DATES REASONABLY NEAR THE RANGE OF DATES STATED IN THE INDICTMENT.

## CAUTION – CONSIDER ONLY CRIME CHARGED

YOU ARE HERE TO DECIDE WHETHER THE GOVERNMENT HAS PROVED BEYOND A REASONABLE DOUBT THAT EACH DEFENDANT IS GUILTY OF THE CRIMES CHARGED. EACH DEFENDANT IS NOT ON TRIAL FOR ANY ACT, CONDUCT, OR OFFENSE NOT ALLEGED IN THE INDICTMENT. NEITHER ARE YOU CALLED UPON TO RETURN A VERDICT AS TO THE GUILT OF ANY OTHER PERSON OR PERSONS NOT ON TRIAL AS A DEFENDANT IN THIS CASE, EXCEPT AS YOU ARE OTHERWISE INSTRUCTED.

## CAUTION – PUNISHMENT

IF A DEFENDANT IS FOUND GUILTY, IT WILL BE MY DUTY TO DECIDE WHAT THE PUNISHMENT WILL BE. YOU SHOULD NOT BE CONCERNED WITH PUNISHMENT IN ANY WAY. IT SHOULD NOT ENTER YOUR CONSIDERATION OR DISCUSSION.

## CAUTION – TRANSCRIPT OF RECORDED CONVERSATION

GOVERNMENT'S EXHIBIT 22A HAS BEEN IDENTIFIED AS A TYPEWRITTEN TRANSCRIPT OF THE ORAL CONVERSATION WHICH CAN BE

HEARD ON THE VIDEO RECORDING RECEIVED IN EVIDENCE AS
GOVERNMENT'S EXHIBIT 22B.  THE TRANSCRIPT ALSO PURPORTS TO
IDENTIFY THE SPEAKERS ENGAGED IN SUCH CONVERSATION.

I HAVE ADMITTED THE TRANSCRIPT FOR THE LIMITED AND
SECONDARY PURPOSE OF AIDING YOU IN FOLLOWING THE CONTENT OF THE
CONVERSATION AS YOU LISTEN TO THE TAPE RECORDING, AND ALSO TO AID
YOU IN IDENTIFYING THE SPEAKERS.

YOU ARE SPECIFICALLY INSTRUCTED THAT WHETHER THE
TRANSCRIPT CORRECTLY OR INCORRECTLY REFLECTS THE CONTENT OF
THE CONVERSATION OR THE IDENTITY OF THE SPEAKERS IS ENTIRELY FOR
YOU TO DETERMINE BASED UPON YOUR OWN EVALUATION OF THE
TESTIMONY YOU HAVE HEARD CONCERNING THE PREPARATION OF THE
TRANSCRIPT, AND FROM YOUR OWN EXAMINATION OF THE TRANSCRIPT IN
RELATION TO YOUR HEARING OF THE VIDEO RECORDING ITSELF AS THE
PRIMARY EVIDENCE OF ITS OWN CONTENTS; AND, IF YOU SHOULD
DETERMINE THAT THE TRANSCRIPT IS IN ANY RESPECT INCORRECT OR
UNRELIABLE, YOU SHOULD DISREGARD IT TO THAT EXTENT.  IT IS WHAT
YOU HEAR ON THE VIDEO THAT IS EVIDENCE, NOT THE TRANSCRIPT.

## MULTIPLE DEFENDANTS – MULTIPLE COUNTS

A SEPARATE CRIME IS CHARGED AGAINST ONE OR MORE OF THE
DEFENDANTS IN EACH COUNT OF THE INDICTMENT.  EACH COUNT, AND THE

EVIDENCE PERTAINING TO IT, SHOULD BE CONSIDERED SEPARATELY. THE CASE OF EACH DEFENDANT SHOULD BE CONSIDERED SEPARATELY AND INDIVIDUALLY. THE FACT THAT YOU MAY FIND ONE OR MORE OF THE ACCUSED GUILTY OR NOT GUILTY OF ANY OF THE CRIMES CHARGED SHOULD NOT CONTROL YOUR VERDICT AS TO ANY OTHER CRIME OR ANY OTHER DEFENDANT. YOU MUST GIVE SEPARATE CONSIDERATION TO THE EVIDENCE AS TO EACH DEFENDANT.

IDENTIFICATION TESTIMONY

IN ANY CRIMINAL CASE, THE GOVERNMENT MUST PROVE NOT ONLY THE ESSENTIAL ELEMENTS OF THE OFFENSE OR OFFENSES CHARGED, AS HEREAFTER DEFINED, BUT MUST ALSO PROVE, BEYOND A REASONABLE DOUBT, THE IDENTITY OF EACH DEFENDANT AS THE PERPETRATOR OF THE ALLEGED OFFENSES.

IN EVALUATING THE IDENTIFICATION TESTIMONY OF A WITNESS, YOU SHOULD CONSIDER ALL OF THE FACTORS ALREADY MENTIONED CONCERNING YOUR ASSESSMENT OF THE CREDIBILITY OF ANY WITNESS IN GENERAL, AND SHOULD ALSO CONSIDER WHETHER THE WITNESS HAD AN ADEQUATE OPPORTUNITY TO OBSERVE THE PERSON IN QUESTION AT THE TIME OR TIMES ABOUT WHICH THE WITNESS TESTIFIED. YOU MAY CONSIDER ALL MATTERS, INCLUDING THE LENGTH OF TIME THE WITNESS HAD TO OBSERVE THE PERSON IN QUESTION, THE PREVAILING CONDITIONS

AT THAT TIME IN TERMS OF VISIBILITY OR DISTANCE AND THE LIKE, AND WHETHER THE WITNESS HAD KNOWN OR OBSERVED THE PERSON AT EARLIER TIMES.

YOU MAY ALSO CONSIDER THE CIRCUMSTANCES SURROUNDING THE IDENTIFICATION ITSELF INCLUDING, FOR EXAMPLE, THE MANNER IN WHICH THE DEFENDANT WAS PRESENTED TO THE WITNESS FOR IDENTIFICATION, AND THE LENGTH OF TIME THAT ELAPSED BETWEEN THE INCIDENT IN QUESTION AND THE NEXT OPPORTUNITY THE WITNESS HAD TO OBSERVE THE DEFENDANT.

IF, AFTER EXAMINING ALL OF THE TESTIMONY AND EVIDENCE IN THE CASE, YOU HAVE A REASONABLE DOUBT AS TO THE IDENTITY OF A DEFENDANT AS THE PERPETRATOR OF THE OFFENSE CHARGED, YOU MUST FIND THE DEFENDANT NOT GUILTY.

<u>SUMMARIES AND CHARTS RECEIVED IN EVIDENCE</u>

CERTAIN CHARTS AND SUMMARIES HAVE BEEN RECIVED INTO EVIDENCE. YOU SHOULD GIVE THEM ONLY SUCH WEIGHT AS YOU THINK THEY DESERVE.

<u>“KNOWINGLY” — TO ACT</u>

THE WORD “KNOWINGLY,” AS THAT TERM HAS BEEN USED FROM TIME TO TIME IN THESE INSTRUCTIONS, MEANS THAT THE ACT WAS DONE VOLUNTARILY AND INTENTIONALLY, NOT BECAUSE OF MISTAKE OR

ACCIDENT.

"WILLFULLY" — TO ACT

THE WORD "WILLFULLY," AS THAT TERM HAS BEEN USED FROM TIME TO TIME IN THESE INSTRUCTIONS, MEANS THAT THE ACT WAS COMMITTED VOLUNTARILY AND PURPOSELY, WITH THE SPECIFIC INTENT TO DO SOMETHING THE LAW FORBIDS; THAT IS TO SAY, WITH BAD PURPOSE EITHER TO DISOBEY OR DISREGARD THE LAW.

I WILL NOW EXPLAIN THE CHARGES AGAINST THE DEFENDANTS:

**COUNT ONE**
**CONSPIRACY TO DEFRAUD THE UNITED STATES**
**18 U.S.C. § 371**

**COUNT ONE OF THE INDICTMENT CHARGES DEFENDANTS BELIA MENDOZA, MARGARITA HERNANDEZ, AND DENISE DUCHENE WITH CONSPIRACY TO DEFRAUD THE UNITED STATES, IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 371, BEGINNING ON OR ABOUT FEBRUARY 9, 2009, AND CONTINUING THROUGH ON OR ABOUT JUNE 6, 2011, IN THE WESTERN DISTRICT OF TEXAS.**

**TITLE 18, UNITED STATES CODE, SECTION 371, MAKES IT A CRIME FOR ANYONE TO CONSPIRE WITH SOMEONE ELSE TO DEFRAUD THE UNITED STATES, OR ANY AGENCY THEREOF IN ANY MANNER OR FOR ANY PURPOSE. IN THIS CASE, DEFENDANTS BELIA MENDOZA, MARGARITA HERNANDEZ, AND DENISE DUCHENE ARE CHARGED WITH CONSPIRING TO DEFRAUD THE UNITED STATES, SPECIFICALLY, THE INTERNAL REVENUE SERVICE, BY FILING TAX RETURNS THAT CONTAINED FALSE LINE ITEMS, FALSE ITEMIZED DEDUCTIONS, AND FALSE INCOME AND BUSINESS EXPENSES.**

**THE WORD "DEFRAUD" HERE IS NOT LIMITED TO ITS ORDINARY MEANING OF CHEATING THE GOVERNMENT OUT OF MONEY OR PROPERTY; IT ALSO INCLUDES IMPAIRING, OBSTRUCTING, DEFEATING, OR INTERFERING WITH THE LAWFUL FUNCTION OF THE GOVERNMENT OR ONE OF ITS AGENCIES BY DISHONEST MEANS.**

**A "CONSPIRACY" IS AN AGREEMENT BETWEEN TWO OR MORE**

PERSONS TO JOIN TOGETHER TO ACCOMPLISH SOME UNLAWFUL PURPOSE.
IT IS A KIND OF "PARTNERSHIP IN CRIME," IN WHICH EACH MEMBER
BECOMES THE AGENT OF EVERY OTHER MEMBER.  FOR YOU TO FIND A
DEFENDANT GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE
GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A
REASONABLE DOUBT:

*FIRST*:  THAT THE DEFENDANT AND AT LEAST ONE OTHER PERSON
MADE AN AGREEMENT TO DEFRAUD THE GOVERNMENT OR ONE OF ITS
AGENCIES, AS CHARGED IN THE INDICTMENT;

*SECOND*:  THAT THE DEFENDANT KNEW THAT THE PURPOSE OF THE
AGREEMENT WAS TO DEFRAUD THE GOVERNMENT AND JOINED IN IT
WILLFULLY, THAT IS, WITH THE INTENT TO DEFRAUD; AND

*THIRD*:  THAT ONE OF THE CONSPIRATORS DURING THE EXISTENCE OF
THE CONSPIRACY KNOWINGLY COMMITTED AT LEAST ONE OF THE
FOLLOWING OVERT ACTS, IN ORDER TO ACCOMPLISH SOME OBJECT OR
PURPOSE OF THE CONSPIRACY.  THE ALLEGED OVERT ACTS ARE:

1.      BEGINNING ON OR AFTER MARCH 25, 2010, DEFENDANT
MENDOZA INSTRUCTED DEFENDANTS HERNANDEZ AND
DUCHENE TO PREPARE TAX RETURNS CONTAINING INFLATED
OR FABRICATED FIGURES.

2.      BEGINNING ON OR AFTER MARCH 25, 2010, DEFENDANT
MENDOZA WOULD ASSIST DEFENDANTS HERNANDEZ AND

DUCHENE IN PREPARING CLIENTS' TAX RETURNS WITH FALSE ITEMS.

3. BEGINNING ON OR AFTER MARCH 25, 2010, DEFENDANTS MENDOZA, HERNANDEZ, AND DUCHENE USED THE SAME FALSE LINE ITEMS FROM CLIENT TO CLIENT, THAT IS, FALSE OR INFLATED EDUCATION CREDITS AND FALSE OR INFLATED SCHEDULES C

4. BEGINNING IN THE 2011 FILING SEASON, DEFENDANT MENDOZA ALLOWED DEFENDANTS HERNANDEZ AND DUCHENE TO PREPARE TAX RETURNS USING DEFENDANT MENDOZA'S PTIN.

5. ALL TAX RETURNS WERE FILED USING MENDOZA'S EFIN.

6. ON OR ABOUT APRIL 12, 2010, DEFENDANT DUCHENE PREPARED A 2009 FORM 1040, U.S. INDIVIDUAL INCOME TAX RETURN FOR C.D.

7. ON OR ABOUT APRIL 12, 2010, DEFENDANT DUCHENE FALSIFIED LINE 21 OF SCHEDULE A, UNREIMBURSED EMPLOYEE BUSINESS EXPENSES, OF C.D.'S FORM 1040, U.S. INDIVIDUAL INCOME TAX RETURN.

8. ON OR ABOUT FEBRUARY 25, 2011, DEFENDANT HERNANDEZ PREPARED A 2010 FORM 1040, U.S. INDIVIDUAL INCOME TAX RETURN FOR S.O.

9. ON OR ABOUT FEBRUARY 25, 2011, DEFENDANT HERNANDEZ

FALSIFIED LINE 50, EDUCATION CREDITS, OF S.O.'S FORM 1040, U.S. INDIVIDUAL INCOME TAX RETURN.

10. ON OR ABOUT MARCH 14, 2011, DEFENDANT HERNANDEZ PREPARED A 2010 FORM 1040, U.S. INDIVIDUAL INCOME TAX RETURN FOR C.D.

11. ON OR ABOUT MARCH 14, 2011, DEFENDANT HERNANDEZ FALSIFIED LINE 21, SCHEDULE A, UNREIMBURSED EMPLOYEE BUSINESS EXPENSES, OF C.D.'S FORM 1040, U.S. INDIVIDUAL INCOME TAX RETURN.

ONE MAY BECOME A MEMBER OF A CONSPIRACY WITHOUT KNOWING ALL THE DETAILS OF THE UNLAWFUL SCHEME OR THE IDENTITIES OF ALL THE OTHER ALLEGED CONSPIRATORS. IF A DEFENDANT UNDERSTANDS THE UNLAWFUL NATURE OF A PLAN OR SCHEME ON ONE OCCASION, THAT IS SUFFICIENT TO CONVICT HER FOR CONSPIRACY EVEN THOUGH THE DEFENDANT HAD NOT PARTICIPATED BEFORE AND EVEN THOUGH THE DEFENDANT PLAYED ONLY A MINOR PART.

THE GOVERNMENT NEED NOT PROVE THAT THE ALLEGED CONSPIRATORS ENTERED INTO ANY FORMAL AGREEMENT, NOR THAT THEY DIRECTLY STATED BETWEEN THEMSELVES ALL THE DETAILS OF THE SCHEME. SIMILARLY, THE GOVERNMENT NEED NOT PROVE THAT ALL OF THE DETAILS OF THE SCHEME ALLEGED IN THE INDICTMENT WERE ACTUALLY AGREED UPON OR CARRIED OUT. NOR MUST IT PROVE THAT ALL

THE PERSONS ALLEGED TO HAVE BEEN MEMBERS OF THE CONSPIRACY WERE SUCH, OR THAT THE ALLEGED CONSPIRATORS ACTUALLY SUCCEEDED IN ACCOMPLISHING THEIR UNLAWFUL OBJECTIVES.

MERE PRESENCE AT THE SCENE OF AN EVENT, EVEN WITH KNOWLEDGE THAT A CRIME IS BEING COMMITTED, OR THE MERE FACT THAT CERTAIN PERSONS MAY HAVE ASSEMBLED TOGETHER AND DISCUSSED COMMON AIMS AND INTERESTS, DOES NOT NECESSARILY ESTABLISH PROOF OF THE EXISTENCE OF A CONSPIRACY.  ALSO, A PERSON WHO HAS NO KNOWLEDGE OF A CONSPIRACY, BUT WHO HAPPENS TO ACT IN A WAY WHICH ADVANCES SOME PURPOSE OF A CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.

COUNTS TWO, THREE, FIVE THROUGH EIGHT, TEN THROUGH FIFTEEN, SIXTEEN AND EIGHTEEN
AIDING OR ASSISTING IN PREPARATION OF FALSE DOCUMENTS UNDER INTERNAL REVENUE LAWS
26 U.S.C. § 7206(2)

COUNTS TWO, THREE, FIVE THROUGH EIGHT, TEN THROUGH FIFTEEN, SIXTEEN AND EIGHTEEN, EACH CHARGE SEPARATE INSTANCES OF VIOLATIONS OF TITLE 26, UNITED STATES CODE, SECTION 7206(2). THE STATUTE MAKES IT A CRIME FOR ANYONE WILLFULLY TO AID OR ASSIST IN THE PREPARATION OF A DOCUMENT, UNDER THE INTERNAL REVENUE LAWS THAT IS FALSE OR FRAUDULENT AS TO ANY MATERIAL MATTER. THE FOLLOWING APPLIES TO ALL COUNTS CHARGED UNDER SECTION 7206(2).

FOR YOU TO FIND EACH DEFENDANT GUILTY OF THIS CRIME, YOU MUST BE CONVINCED THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING BEYOND A REASONABLE DOUBT:

*FIRST*: THAT THE DEFENDANT AIDED IN, ASSISTED IN, PROCURED, COUNSELED, OR ADVISED THE PREPARATION OF A RETURN ARISING UNDER THE INTERNAL REVENUE LAWS;

*SECOND*: THAT THIS RETURN FALSELY STATED THAT TAXPAYERS WERE ENTITLED TO CLAIM DEDUCTIONS AND CREDITS FOR ITEMS AND IN AMOUNTS WHEN THE DEFENDANT KNEW THE TAXPAYERS WERE NOT ENTITLED TO CLAIM DEDUCTIONS IN THE CLAIMED AMOUNTS;

*THIRD*: THAT THE DEFENDANT KNEW A STATEMENT IN THE RETURN

**WAS FALSE;**

***FOURTH*: THAT THE AFOREMENTIONED FALSE STATEMENT WAS MATERIAL;**

***FIFTH:* THAT THE DEFENDANT AIDED IN, ASSISTED IN, PROCURED, COUNSELED, OR ADVISED IN THE PREPARATION OF THE FALSE STATEMENT WILLFULLY, THAT IS, WITH INTENT TO VIOLATE A KNOWN LEGAL DUTY.**

**IT IS NOT NECESSARY THAT THE GOVERNMENT PROVE THAT THE FALSITY OR FRAUD WAS WITH THE KNOWLEDGE OR CONSENT OF THE PERSON AUTHORIZED OR REQUIRED TO PRESENT SUCH RETURN.**

**A STATEMENT IS "MATERIAL" IF IT HAS A NATURAL TENDENCY TO INFLUENCE, OR IS CAPABLE OF INFLUENCING, THE INTERNAL REVENUE SERVICE IN INVESTIGATING OR AUDITING A TAX RETURN OR IN VERIFYING OR MONITORING THE REPORTING OF INCOME BY A TAXPAYER.**

COUNTS TWO, THREE, FIVE, SIX, AND SEVEN
AIDING OR ASSISTING IN PREPARATION OF FALSE DOCUMENTS UNDER INTERNAL REVENUE LAWS
26 U.S.C. §7206(2)

COUNTS TWO, THREE, FIVE, SIX, AND SEVEN OF THE INDICTMENT CHARGE DEFENDANT BELIA MENDOZA WITH WILLFULLY AIDING IN, ASSISTING IN, PROCURING, COUNSELING, AND ADVISING IN MAKING FALSE STATEMENTS ON INCOME TAX RETURNS, IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7206(2), BEGINNING ON OR ABOUT FEBRUARY 9, 2009 AND CONTINUING THROUGH ON OR ABOUT MARCH 14, 2011 IN THE WESTERN DISTRICT OF TEXAS.

SPECIFICALLY, DEFENDANT MENDOZA IS CHARGED WITH THE FOLLOWING COUNTS IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7206(2):

COUNT TWO ALLEGES THAT DEFENDANT MENDOZA FALSIFIED ONE ITEM ON FORM 1040, FILED ON FEBRUARY 9, 2009, ON BEHALF OF TAXPAYER M.G. THE ALLEGED FALSELY CLAIMED ITEM IS LINE NUMBER 50, THE EDUCATION CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $158.

COUNT THREE ALLEGES THAT DEFENDANT MENDOZA FALSIFIED ONE ITEM ON FORM 1040, FILED ON FEBRUARY 9, 2009, ON BEHALF OF TAXPAYER A.G. THE ALLEGED FALSELY CLAIMED ITEM IS LINE 64A, THE EARNED INCOME TAX CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $4,824.

COUNT FIVE ALLEGES THAT DEFENDANT MENDOZA FALSIFIED ONE

ITEM ON SCHEDULE A AND ONE ITEM ON FORM 1040, FILED ON FEBRUARY 23, 2009, ON BEHALF OF TAXPAYER S.O.  THE ALLEGED FALSELY CLAIMED ITEM ON SCHEDULE A IS LINE 21, UNREIMBURSED EMPLOYMENT EXPENSES, WITH AN INFLATED AMOUNT CLAIMED OF $8,080.  THE ALLEGED FALSELY CLAIMED ITEM ON FORM 1040 IS LINE 50, THE EDUCATION CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $1,800.

COUNT SIX ALLEGES THAT DEFENDANT MENDOZA FALSIFIED TWO ITEMS ON FORM 1040, FILED ON FEBRUARY 15, 2010, ON BEHALF OF TAXPAYER A.G.  THE ALLEGED FALSELY CLAIMED ITEMS ARE LINE 64A, EARNED INCOME TAX CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $4,750; AND LINE 40, STANDARD DEDUCTION, WITH AN INFLATED AMOUNT CLAIMED OF $2,650.

COUNT SEVEN ALLEGES THAT DEFENDANT MENDOZA FALSIFIED TWO ITEMS ON FORM 1040, FILED ON MARCH 14, 2011, ON BEHALF OF TAXPAYER M.G.  THE ALLEGED FALSELY CLAIMED ITEMS ARE LINE 49, THE EDUCATION CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $1,260; AND LINE 66, THE AMERICAN OPPORTUNITY CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $840.

**COUNTS EIGHT, AND TEN THROUGH FIFTEEN**
**AIDING OR ASSISTING IN PREPARATION OF FALSE DOCUMENTS UNDER INTERNAL REVENUE LAWS**
**26 U.S.C. §7206(2)**

COUNTS EIGHT, AND TEN THROUGH FIFTEEN OF THE INDICTMENT CHARGE DEFENDANT MARGARITA HERNANDEZ WITH WILLFULLY AIDING IN, ASSISTING IN, PROCURING, COUNSELING, AND ADVISING IN MAKING FALSE STATEMENTS ON INCOME TAX RETURNS IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7206(2), BEGINNING NO EARLIER THAN FEBRUARY 22, 2010 AND CONTINUING THROUGH ON OR ABOUT JUNE 6, 2011 IN THE WESTERN DISTRICT OF TEXAS.

SPECIFICALLY, DEFENDANT MARGARITA HERNANDEZ IS CHARGED WITH THE FOLLOWING COUNTS IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7206(2):

COUNT EIGHT ALLEGES THAT DEFENDANT HERNANDEZ FALSIFIED FOUR LINES ON FORM 1040, FILED ON FEBRUARY 22, 2010 ON BEHALF OF TAXPAYER C.P. THE ALLEGED FALSELY CLAIMED ITEMS ARE: LINE 64A, THE EARNED INCOME TAX CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $2,235; LINE 12, BUSINESS INCOME, WITH AN INFLATED AMOUNT CLAIMED OF $7,600; LINE 65, THE ADDITIONAL CHILD TAX CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $962; AND LINE 63, THE MAKING WORK PAY CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $228.

COUNT TEN ALLEGES THAT DEFENDANT HERNANDEZ FALSIFIED FOUR LINES ON FORM 1040, FILED ON FEBRUARY 14, 2011 ON BEHALF OF TAXPAYER C.R. THE ALLEGED FALSELY CLAIMED ITEMS ARE: LINE 64A, THE EARNED INCOME TAX CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $545; LINE 49, EDUCATION CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $1,260; LINE 66, THE AMERICAN OPPORTUNITY CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $840; AND LINE 40, THE STANDARD DEDUCTION, WITH AN INFLATED AMOUNT CLAIMED OF $2,700.

COUNT ELEVEN ALLEGES THAT DEFENDANT HERNANDEZ FALSIFIED TWO LINES ON FORM 1040, FILED ON FEBRUARY 25, 2011, ON BEHALF OF TAXPAYER S.O. THE ALLEGED FALSELY CLAIMED ITEMS ARE: LINE 49, THE EDUCATION CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $1,260; AND LINE 66, THE AMERICAN OPPORTUNITY CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $840.

COUNT TWELVE ALLEGES THAT DEFENDANT HERNANDEZ FALSIFIED TWO LINES ON SCHEDULE A AND TWO LINES ON FORM 1040, FILED ON MARCH 14, 2011, ON BEHALF OF TAXPAYER C.D. THE ALLEGED FALSELY CLAIMED ITEMS ON SCHEDULE A ARE LINE 20, UNREIMBURSED EMPLOYMENT EXPENSES, WITH AN INFLATED AMOUNT CLAIMED OF $2,000; AND LINE 1, MEDICAL/DENTAL EXPENSES, WITH AN INFLATED AMOUNT CLAIMED OF $2,200. THE ALLEGED FALSELY CLAIMED ITEMS

ON FORM 1040 ARE LINE 49, THE EDUCATION CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $1,260; AND LINE 66, THE AMERICAN OPPORTUNITY CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $840.

COUNT THIRTEEN ALLEGES THAT DEFENDANT HERNANDEZ FALSIFIED TWO LINES ON FORM 1040, FILED ON APRIL 4, 2011, ON BEHALF OF TAXPAYER A.R.  THE ALLEGED FALSELY CLAIMED ITEMS ON FORM 1040 ARE LINE 49, THE EDUCATION CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $1,260; AND LINE 66, THE AMERICAN OPPORTUNITY CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $840.

COUNT FOURTEEN ALLEGES THAT DEFENDANT HERNANDEZ FALSIFIED ONE LINE ON FORM 1040, FILED ON APRIL 18, 2011, ON BEHALF OF TAXPAYER L.L.D.  THE ALLEGED FALSELY CLAIMED ITEM IS: LINE 66, THE AMERICAN OPPORTUNITY CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $840.

COUNT FIFTEEN ALLEGES THAT DEFENDANT HERNANDEZ FALSIFIED ONE LINE ON SCHEDULE A AND TWO LINES ON FORM 1040, FILED ON JUNE 6, 2011, ON BEHALF OF TAXPAYERS S.O. AND L.O.  THE ALLEGED FALSELY CLAIMED ITEM ON SCHEDULE A IS LINE 20, UNREIMBURSED EMPLOYMENT EXPENSES, WITH AN INFLATED AMOUNT CLAIMED OF $6,766.  THE ALLEGED FALSELY CLAIMED ITEMS ON FORM 1040 ARE LINE 49, THE EDUCATION CREDIT, WITH AN INFLATED AMOUNT

CLAIMED OF $2,520; AND LINE 66, THE AMERICAN OPPORTUNITY CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $1,680.

COUNTS SIXTEEN AND EIGHTEEN
AIDING OR ASSISTING IN PREPARATION OF FALSE DOCUMENTS UNDER INTERNAL REVENUE LAWS
26 U.S.C. §7206(2)

COUNTS SIXTEEN AND EIGHTEEN OF THE INDICTMENT CHARGE DEFENDANT DENISE DUCHENE WITH WILLFULLY AIDING IN, ASSISTING IN, PROCURING, COUNSELING, AND ADVISING IN MAKING FALSE STATEMENTS ON INCOME TAX RETURNS IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7206(2), BEGINNING NO EARLIER THAN ON OR ABOUT APRIL 12, 2010 AND CONTINUING THROUGH ON OR ABOUT MARCH 21, 2011 IN THE WESTERN DISTRICT OF TEXAS.

SPECIFICALLY, DEFENDANT DENISE DUCHENE IS CHARGED WITH THE FOLLOWING COUNTS IN VIOLATION OF TITLE 26, UNITED STATES CODE, SECTION 7206(2):

COUNT SIXTEEN ALLEGES THAT DEFENDANT DUCHENE FALSIFIED ONE LINE ON SCHEDULE A AND ONE LINE ON FORM 1040, FILED ON APRIL 12, 2010, ON BEHALF OF TAXPAYER C.D. THE ALLEGED FALSELY CLAIMED ITEM ON SCHEDULE A IS LINE 20, UNREIMBURSED EMPLOYMENT EXPENSES, WITH AN INFLATED AMOUNT CLAIMED OF $2,000. THE ALLEGED FALSELY CLAIMED ITEM ON FORM 1040 IS LINE 12, BUSINESS

INCOME, WITH AN UNDERSTATED AMOUNT CLAIMED OF $2,050.

COUNT EIGHTEEN ALLEGES THAT DEFENDANT DUCHENE FALSIFIED TWO LINES ON FORM 1040, FILED ON FEBRUARY 7, 2011, ON BEHALF OF TAXPAYER D.C. THE ALLEGED FALSELY CLAIMED ITEMS ON FORM 1040 ARE LINE 49, THE EDUCATION CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $1,260; AND LINE 66, THE AMERICAN OPPORTUNITY CREDIT, WITH AN INFLATED AMOUNT CLAIMED OF $840.

DUTY TO DELIBERATE

TO REACH A VERDICT, WHETHER IT IS GUILTY OR NOT GUILTY, ALL OF YOU MUST AGREE. YOUR VERDICT MUST BE UNANIMOUS ON EACH COUNT OF THE INDICTMENT AS TO EACH DEFENDANT. YOUR DELIBERATIONS WILL BE SECRET. YOU WILL NEVER HAVE TO EXPLAIN YOUR VERDICT TO ANYONE.

IT IS YOUR DUTY TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE WITH YOUR FELLOW JURORS. DURING YOUR DELIBERATIONS, DO NOT HESITATE TO REEXAMINE YOUR OWN OPINIONS AND CHANGE YOUR MIND IF CONVINCED THAT YOU WERE WRONG. BUT DO NOT GIVE UP YOUR HONEST BELIEFS AS TO THE

WEIGHT OR EFFECT OF THE EVIDENCE SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES, YOU ARE JUDGES — JUDGES OF THE FACTS. YOUR DUTY IS TO DECIDE WHETHER THE GOVERNMENT HAS PROVED EACH DEFENDANT GUILTY BEYOND A REASONABLE DOUBT.

WHEN YOU GO TO THE JURY ROOM, THE FIRST THING THAT YOU SHOULD DO IS SELECT ONE OF YOUR NUMBER AS YOUR FOREPERSON, WHO WILL HELP TO GUIDE YOUR DELIBERATIONS AND WILL SPEAK FOR YOU HERE IN THE COURTROOM.

A VERDICT FORM HAS BEEN PREPARED FOR YOUR CONVENIENCE.

VERDICT FORM

THE FOREPERSON WILL WRITE THE UNANIMOUS ANSWER OF THE JURY IN THE SPACE PROVIDED FOR EACH COUNT OF THE INDICTMENT, EITHER GUILTY OR NOT GUILTY. AT THE CONCLUSION OF YOUR DELIBERATIONS, THE FOREPERSON SHOULD DATE AND SIGN THE VERDICT.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE FOREPERSON SHOULD WRITE THE MESSAGE AND GIVE IT TO THE COURT SECURITY OFFICER. I WILL EITHER REPLY IN WRITING OR BRING YOU BACK INTO THE COURT TO ANSWER YOUR MESSAGE.

BEAR IN MIND THAT YOU ARE NEVER TO REVEAL TO ANY PERSON, NOT EVEN TO THE COURT, HOW THE JURY STANDS, NUMERICALLY OR

**OTHERWISE, ON ANY COUNT OF THE INDICTMENT, UNTIL AFTER YOU HAVE REACHED A UNANIMOUS VERDICT.**

**SIGNED on this 2 day of February, 2016.**

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**